```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ALABAMA
                           MIDDLE DIVISION
```

LANNA CLARK, *et al.*,          )
                                )
     Plaintiffs,                )     CIVIL ACTION NO.
                                )
v.                              )     00-AR-2572-M
                                )
THE EARTHGRAINS                 )
                                )
COMPANY, *et al.*               )
                                )
     Defendants.                )

FILED
00 SEP 19 PM 4:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
SEP 1 9 2000

## MEMORANDUM OPINION

The court has before it plaintiffs' motion for a preliminary injunction which subsumed the motion for a temporary restraining order. For the reasons explained below, the motion will be denied.

This controversy arises from the refusal of defendant, The Earthgrains Company ("Earthgrains"), to continue payment of medical and dental benefits to plaintiffs, who are striking employees of Earthgrains. Bakery, Confectionary, Tobacco Workers and Grain Millers Local Union 611 ("Local 611"), which represents some 600 to 700 Earthgrains employees, including plaintiffs, failed to reach a successor agreement to the collective bargaining agreement with Earthgrains which expired on July 30, 2000 ("Collective Bargaining Agreement" or "CBA"). The CBA

14

governed the terms and conditions of employment. Although the CBA does not contain the actual terms of the medical and dental benefits provided employees, it does refer to the ERISA plans administered by defendants Blue Cross & Blue Shield of Alabama and Delta Dental of Missouri under which those benefits were dispensed. After Local 611 called a strike, a significant, but as-yet-unspecified number of Earthgrains employees, including plaintiffs, did not report to work on August 26, 2000. Subsequently, on August 28, 2000, Earthgrains purported to terminate medical and dental benefits for its striking employees, ostensibly for the duration of the strike.

After the Complaint was filed in this case, Earthgrains agreed to advance the funds necessary to continue coverage to plaintiffs for the two months that plaintiffs claim they are entitled to coverage on the same terms as were admittedly applicable before the strike. Earthgrains also points to plaintiffs' statutory right to a continuation of coverage under COBRA. According to Earthgrains' offer, plaintiffs would be required to refund the funds advanced by Earthgrains only if they do not prevail on the merits. At the preliminary injunction hearing conducted on September 18, 2000, Earthgrains agreed not to assert any estoppel or other defense based on the receipt of

2

benefits by any plaintiff pursuant to Earthgrains' interim concession. Neither would the concession constitute an admission against Earthgrains' interest on the merits.

### Discussion

To justify a preliminary injunction, a plaintiff must plainly satisfy four prerequisites: "(1) a substantial likelihood that plaintiff will prevail on the merits, (2) a showing that plaintiff will suffer irreparable injury if an injunction does not issue, (3) proof that the threatened injury to plaintiff outweighs any harm that might result to the defendants, and (4) a showing that the public interest will not be disserved by grant of a preliminary injunction." *Northeastern Florida Chapter v. Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990) (citing *Cunningham v. Adams*, 808 F.2d 815, 819 (11th Cir. 1987); *Johnson v. United States Dep't of Agric.*, 734 F.2d 774, 781 (11th Cir. 1984)). The court will examine these prerequisites in order to see if each and all of them are satisfied. If any precondition is not demonstrated, the inquiry as to the remaining prerequisites becomes unnecessary.

### Likelihood of Plaintiffs Prevailing on the Merits

Plaintiffs' complaint includes the allegation that in

terminating their coverage on August 28, 2000 Earthgrains violated § 502(a) of ERISA.  That statutory provision allows a participant or beneficiary of an ERISA plan to "recover benefits due him under the terms of his plan, to enforce his rights under the terms of his plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  Plaintiffs claim that Earthgrains violated the "Ending Plan Coverage & Continuing Coverage" section of the Summary Plan Description ("SPD").  Paragraph Three of that section states: "Benefits for you and your dependents will terminate on the last day of the second month of any two consecutive months in which you have not met the minimum work requirement...."  Plaintiffs argue with persuasive force that Earthgrains' termination of their benefits before the end of the two month "grace period" constitutes a violation of the plan and of ERISA.

Earthgrains contests the merits of plaintiffs' claim on several grounds.  First, it asserts that the language in the "Ending Plan Coverage & Continuing Coverage" section indicates that plaintiffs are not entitled to the grace period.  Under Earthgrains' reading, plaintiffs should not benefit from Paragraph Three because it does not expressly cover employees who

4

do not meet the minimum work requirement due to a strike. Similarly, Earthgrains argues that Paragraph Six, which involves the reinstatement of eligibility that was lost "under the above Termination Rule" fails to mention striking employees. The relevance of Paragraph Six rests on Earthgrains' argument that "the above Termination Rule" refers to Paragraph Three. Under this interpretation, Paragraph Six's terms of reinstatement compliment Paragraph Three's conditions on termination. Earthgrains concludes that the SPD drafters failed not once, but twice to address expressly the issue of striking employees in the provisions that plaintiffs' argument would lead one to believe the issue should have been addressed.

 Contrary to Earthgrains' reasoning, the court finds that a common-sense reading of the "Ending Plan Coverage & Continuing Coverage" section can lead to the conclusion plaintiffs would reach, namely that Paragraph Three applies to plaintiffs. There is nothing in the language of the subject paragraph to suggest that the grace period becomes unavailable if the cause of an employee's failure to meet the minimum work requirement is the employee's participation in a strike. If such an exception were intended, it is not apparent on the face of the paragraph. The expectation that a carving out of striking employees would be

5

clear from the plain language finds support in the drafters' evident ability to include an exception; however, it pertains to a worker who cannot meet the work requirement because of a disability.  In that situation, the SPD extends rather than eliminates the grace period.  If the drafters could include an exception for disabled workers, one would think they would do the same for striking employees if that was their intent.

Furthermore, the relevance of Paragraph Six suggested by Earthgrains relies on an unrealistic interpretation of "the above Termination Rule."  Without specification as to where "above" to look, a reader could logically assume that he or she should travel no further up the page than the next paragraph involving termination.  Indeed, directly above Paragraph Six, Paragraph Five discusses a rule for termination of benefits for disabled employees and their dependents.  Earthgrains would have the reader leapfrog over Paragraph Five to Paragraph Three.  Such an unusual maneuver is not called for by the language of Paragraph Six.

A straightforward reading of the SPD leads this court to conclude that Paragraph Three applies here and, if so, plaintiffs have a right to the two month grace period they seek in this action.  If so, this is a right protected by § 502(a) of ERISA.

Earthgrains last argues on the contract provision that even if the SPD does give rise to the ERISA rights plaintiffs lay claim to, the CBA overrides any obligation it assumed under the plan. Thus, says Earthgrains, the CBA, not ERISA, dictates its obligations, and Article XXIII of the CBA states that its obligation to make payments to the plan co-terminates with the Agreement. Neither side of the controversy has cited binding authority on this subject, and the court is reluctant at this early stage to express itself finally on the subject. As of now it seems to the court that the Plan survives a particular CBA.

Lastly, Earthgrains contends that plaintiffs can exercise ERISA rights only if they prove actual reliance on the Plan language giving them two months of benefits after the termination of employment. The court is willing to assume at this stage that if such a burden exists, it has been met or can be met for the purpose of finding that the element of likelihood of success has been met.

<u>Presence of Irreparable Harm</u>

The court does not find the existence of the irreparable harm necessary to the granting of a preliminary injunction. Earthgrains' offer to advance funds to pay for coverage essentially maintains plaintiffs' access to and ability to pay

7

for medical and dental benefits which plaintiffs claim have been wrongfully terminated. Should plaintiffs prevail on the merits, they would not have to repay the advanced funds. Under these circumstances, plaintiffs will suffer no irreparable harm as a result of the denial of preliminary injunction.

<u>The Remaining Two Prerequisites</u>

Because the element of irreparable harm has not been proven, the court will not address the third and fourth prerequisites to the granting of a preliminary injunction.

### Conclusion

Because in the court's opinion plaintiffs will not suffer irreparable harm if their motion for preliminary injunction is denied, it will be denied by a separate order.

DONE this 19th day of September, 2000.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE